FILED

2007 Feb-16 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DEBBIE VINSON MOSS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:06-cv-0371-UWC** |
| **RENASANT BANK,** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SAMUEL MOSS,** | ) | |
| | ) | |
| Counter-Claim Defendant. | ) | |

**MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Debbie Moss ("Plaintiff"), originally brought breach of contract and fraud claims against Renasant Bank ("Defendant") in the Circuit Court of Lawrence County, Alabama on January 27, 2006, related to the finance and purchase of a franchise of Steak Escape, Inc. Defendant removed the action to this Court based on diversity jurisdiction. Defendant now seeks to dismiss this claim based the absence of a real party in interest, supported by facts outside the pleadings. Therefore, this motion is being treated as a motion for summary judgment.

-1-

## THE UNDISPUTED FACTS

On December 1, 1997, Debbie Moss contracted with Chris O'Hearn to buy his equity interest in the company that owned a Steak Escape franchise for $280,000.00. Debbie and Samuel Moss borrowed $280,000.00 from First Commercial Bank to purchase O'Hearn's stock, securing the loan by mortgaging their homes to First Commercial Bank.  O'Hearn guaranteed the loan of First Commercial Bank.  On January 9, 1998, Debbie and Samuel Moss entered into a Stock Pledge and Escrow Agreement with O'Hearn, pledging the stock of the company as collateral to secure O'Hearn's outstanding guaranty of the First Commercial Bank obligation. The agreement provided that O'Hearn could take back his stock of the company if he was obligated to pay his personal guaranty of the First Commercial Bank loan.

On July 11, 1999, Escape Enterprises, Ltd., ("Escape Enterprises") the Steak Escape franchising company, gave Samuel and Debbie Moss a failing grade in their business assessment report.  In September of 1999, attorneys for Escape Enterprises wrote Samuel and Debbie Moss and terminated their franchise agreement. Subsequently, on November 18, 1999, Escape Enterprises sued Debbie Moss, Samuel Moss, and O'Hearn. In the Verified Complaint, Escape Enterprises stated that O'Hearn had sold the Steak Escape franchise to Samuel and Debbie Moss. The Escape Enterprises lawsuit resulted from a default by Samuel Moss and Debbie Moss

under the franchise agreement due to their failure to remit franchise, or certain required payments, to Escape Enterprises and to operate the restaurant in accordance with the terms and conditions of the Franchisor's Agreement.

On September 21, 1999, First Commercial Bank declared the First Commercial Bank note in default and called O'Hearn's $100,000.00 personal guaranty. Debbie and Samuel Moss refinanced the First Commercial Bank debt with Heritage Bank, which by merger subsequently became Defendant Renasant Bank, to cure the default on the First Commercial Bank debt. In doing so, Debbie and Samuel Moss obtained the release of O'Hearn's lien on the stock of the franchise and the release of O'Hearn's guaranty on the First Commercial Bank debt. On October 14, 1999, Debbie and Samuel Moss executed a note in the principal amount of $219,000.00 in the name of DBC Subs, Inc., which paid off the First Commercial Bank debt. This note was secured by mortgages on the principal residences of both Samuel and Debbie Moss. On August 15, 2000, Debbie and Samuel Moss refinanced the DBC Subs, Inc. note with Defendant Renasant Bank.

On February 2, 2001, Debbie Moss filed a petition in bankruptcy court under Chapter 7 in the United States Bankruptcy Court for the Northern District of Alabama, being assigned Case Number 01-80432-JAC-7 (the "Bankruptcy Case"). Tazewell T. Shepperd was appointed as the Trustee of the Bankruptcy Case. On same

-3-

day as filing her petition, Debbie Moss filed her Schedules and Statement of Financial Affairs which were signed under oath and did not include her claims against Renasant Bank.  On March 28, 2001, Debbie Moss entered into a Reaffirmation Agreement with Defendant and reaffirmed the debt the Defendant is seeking to collect in this action.  On May 15, 2001, never having disclosed her claims against Defendant, Debbie Moss received a discharge.

## II. Controlling Legal Principles

### A. Summary Judgment

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment always has the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party."  *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979).   Evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d

1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

### B. Bankruptcy

"Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Intern., Inc*., 365 F.3d 1268, 1272 (11th Cir. 2004) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)).

> Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.

*Parker*, 365 F.3d at 1272 (citations omitted). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Id.* (citing 11 U.S.C. § 554(a)-(c)).

### ANALYSIS

Plaintiff lacks standing to pursue her claims, because Plaintiff's claims vested in her bankruptcy estate leaving only the trustee with standing to pursue. Plaintiff does not dispute that the trustee of Plaintiff's bankruptcy estate is the real party in

interest.  Instead, Plaintiff argues that while the alleged actions, which are the basis of her suit, happened before her filing of bankruptcy, she did not have knowledge of them prior to her filing.

Plaintiff's argument is unpersuasive.  With respect to Plaintiff's fraud and breach of contract claims, she claims that she never received the Steak Escape franchise.  However, Plaintiff purchased O'Hearn's stock in the company that owned the franchise on December 1, 1997.  (Doc. 21, Ex. 7, Charles C. Woodroof Decl. at Ex. A; Ex. 8, William J. Gibbons Decl. at Ex. A.)  Plaintiff was notified on September 19, 1999, that the franchise was being terminated, one month before she executed a second note to pay off the First Commercial Bank debt.  (Woodroof Decl. at Ex. C.)  Plaintiff further claims that she did not know that O'Hearn was not a guarantor of the second note executed on October 14, 1999; however, the Heritage Bank note clearly indicates that the note is not secured by O'Hearn's property. (Doc. 21, Ex 3, Jerry Harris Aff. at Ex. A.)  Thus, the record shows that Plaintiff had knowledge of her claims.

Both parties assert that the Trustee has informed them that he does not intend to pursue Plaintiff's claims.  Still, the Trustee remains the real party in interest until Plaintiff complies with 11 U.S.C. Section 554, which allows the Trustee to abandon the claims after notice and a hearing.  *See* 11 U.S.C. § 554 ("(a) After notice and a

hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.  (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.").  Until Plaintiff complies with these procedures, her action is due to be dismissed.

For these reasons, the motion for summary judgment will be granted by separate order.

Done the 16th day of February, 2007.


U.W. Clemon
United States District Judge